**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JOSE JULIAN MORENO RAMIREZ           :
          Petitioner,                    :
                                         :
          v.                             :    No.   2:25-cv-7346
                                         :
J.L. JAMISON, *in his official capacity as Warden*   :
*of Federal Detention Center, Philadelphia*; BRIAN   :
MCSHANE, *in his official capacity as Acting*        :
*Philadelphia Field Office Director, United States*  :
*Immigration and Customs Enforcement*; TODD          :
LYONS, *in his official capacity as Acting Director*  :
*of Immigration and Customs Enforcement*; KRISTI     :
NOEM, *in her official capacity as Secretary of the* :
*Department of Homeland Security*; PAMELA            :
BONDI, *Attorney General of the United States*,      :
          Respondents.                  :

**O P I N I O N**
**Petitioner's Motion for Attorney Fees, ECF No. 11 – Denied**

**Joseph F. Leeson, Jr.**                                    **July 13, 2026**
**United States District Judge**

## I.    INTRODUCTION

Petitioner Jose Julian Moreno Ramirez filed a Petition for a Writ of Habeas Corpus. The

Court granted his Petition. Moreno Ramirez now seeks attorney fees under the Equal Access to

Justice Act ("EAJA"). For the following reasons, the Court denies his Motion.

## II.    BACKGROUND

Moreno Ramirez is a native of Colombia. *See* Pet. ¶ 18, ECF No. 1. On December 26,

2025, Moreno Ramirez attended a check-in at the Philadelphia office of Immigration and

Customs Enforcement ("ICE"). *See id.* ¶ 24. At the check-in, ICE agents arrested him and

detained him. *See id.* At the time he filed his Petition, he had not received a bond hearing. *See*

*generally id.*

1
071326

Moreno Ramirez filed a habeas Petition in this Court on December 27, 2025. *See* ECF No. 1. Respondents filed a Response in Opposition to the habeas Petition on December 29, 2025, and amended its Response on December 30, 2025. *See* Resp., ECF No. 3; Am. Resp., ECF No. 5.

The Court granted his Petition on January 26, 2026. *See* ECF Nos. 7, 8; *see also Moreno Ramirez v. Jamison*, No. 25-7346, 2026 WL 196474 (E.D. Pa. Jan. 26, 2026). In so granting, the Court ordered that Respondents provide Moreno Ramirez with a bond hearing in accordance with 8 U.S.C. § 1226(a) ("Section 1226(a)").[1] *See* ECF No. 7 at 16. The Court found that Moreno Ramirez was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)(A)"),[2] and instead could be detained, if at all, pursuant to the discretionary provisions of Section 1226(a). *See id.* at 14.

On April 23, 2026, Moreno Ramirez filed a Motion for Attorney Fees under the EAJA. *See* ECF No. 11. Moreno Ramirez maintains that he is entitled to attorney fees as the prevailing party[3] because the Government's position was not "substantially justified." *Id.* at 4–7. Respondents filed a Response in Opposition on June 30, 2026. *See* ECF No. 14. Respondents maintain that their conduct before and during the litigation was substantially justified. *See id.*

## III.    LEGAL STANDARD

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action (other than cases sounding

---

[1]    Section 1226(a) states that, "[o]n a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

[2]    Section 1225(b)(2)(A) states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A).

[3]    The Court granted Moreno Ramirez's habeas Petition; therefore, he is the prevailing party.

in tort), . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Third Circuit found that "the EAJA unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026).

"Under the EAJA, [Respondents'] position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Michelin*, 169 F.4th at 433 (citing *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). Respondents bear "the burden of proving their position was justified." *Michelin*, 169 F.4th at 433 (citing *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). "To satisfy this burden and defeat a prevailing party's application for fees, the government must ... demonstrat[e] '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *Michelin*, 169 F.4th at 433 (citing *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998))). "'[I]n immigration cases, the Government must meet the substantially justified test twice': once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct." *Michelin*, 169 F.4th at 433 (citing *Johnson*, 416 F.3d at 210). Courts "do not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433 (citing *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009)).

## IV.    ANALYSIS

The Court finds that Respondents' position (that Section 1225(b)(2)(A) covered Moreno Ramirez's detention) was substantially justified. The Third Circuit has not yet addressed whether § 1225(b)(2) applied to Moreno Ramirez's detention, although two cases remain open and pending. *See Lopes De Andrade v. Director Phila. Field Office Immigr. & Customs Enf't*, No. 26-1454 (3d Cir.); *Buele Morocho v. Warden Phila. FDC*, No. 26-1150 (3d Cir.). Initially, courts in this District, which have granted habeas relief, generally disfavor motions for attorney fees under the EAJA, noting that Respondents' position (that "applicants for admission" are necessarily "seeking admission," and thus subject to detention under § 1225(b)(2)) is substantially justified. *See Salas v. Jamison*, No. 26-382, 2026 WL 1382583, at *3 (E.D. Pa. May 15, 2026) (finding that the Respondents' "position on this issue comports with two circuit court opinions and a number of district court opinions"); *Severino-Acosta v. Jamison*, No. 25-7403 (E.D. Pa. May 19, 2026); *Meireles De Oliveira v. Jamison*, No. 26-1246 (E.D. Pa. Apr. 7, 2026); *Vicente v. Jamison*, No. 26-2045 (E.D. Pa. Apr. 7, 2026) (denying similar motions for attorney fees under the EAJA and finding that the government's position was substantially justified).[4]

Respondent's' pre-litigation conduct (detaining Moreno Ramirez without bond under Section 1225(b)(2)(A)) was substantially justified. The Bureau of Immigration Appeals in *Matter of Yajure Hurtado* held that immigration courts cannot conduct bond hearings for noncitizens

---

[4]    Other district courts in the Third Circuit have also denied immigration habeas petitioners' requests for attorney fees under the EAJA because the government's position regarding Section 1225(b)(2)(A) was substantially justified. *See Martinez-Briceno v. Warden of Moshannon Valley Processing Ctr.*, No. 26-232, 2026 WL 872494, at *1–2 (W.D. Pa. Mar. 30, 2026); *Villamar v. Oddo*, No. 26-759, 2026 WL 1231202, at *1 (W.D. Pa. May 5, 2026); *Calixto v. Oddo*, No. 26-724, 2026 WL 1128254, at *1 (W.D. Pa. Apr. 27, 2026); *Patyshov v. Oddo*, No. 26-729, 2026 WL 1129902, at *1 (W.D. Pa. Apr. 27, 2026); *Alvarez v. Noem*, No. 26-73, 2026 WL 545382, at *3 (W.D. Pa. Feb. 26, 2026); *Hasan Bagator v. Warden, of Moshannon Valley Processing Ctr.*, No. 25-486, 2026 WL 1436550, at *2 (W.D. Pa. Apr. 1, 2026), *report and recommendation adopted sub nom. Bagator v. Rose*, No. 25-486, 2026 WL 1045345 (W.D. Pa. Apr. 17, 2026)

detained under Section 1225(b)(2). *See* 29 I. & N. Dec. 216, 220, 226–227 (B.I.A. 2025).

Respondents' conduct follows the BIA's decision, which is a "binding administrative decision."

*Severino-Acosta*, No. 25-7403 at 2 (citing *Martinez Amaya v. Bondi*, No. 26-1945, 2026 WL

1078278, at *2 (D.N.J. Apr. 21, 2026) (denying a motion for attorney fees under the EAJA and

finding that the government's position was substantially justified because the government "did

no more than follow a binding administrative decision in detaining [the] petitioner") (citing

*Gjergj G. v. Edwards*, No. 19–5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) ( "Given

the state of precedent on this issue, this Court finds that the Government's position was

substantially justified, even if ultimately unsuccessful."))); *see also Amin Bapary v. Soto*, No. 26-

3541, 2026 WL 1734911, at *3 (D.N.J. June 16, 2026) (same).

Likewise, Respondents' litigation position was substantially justified. Although this

Court and its sister courts in this District have denied similar habeas petitions, both the Fifth

Circuit and the Eighth Circuit have agreed with Respondents' position and held that "applicants

for admission" are subject to detention under Section 1225(b)(2)(A). *See Restrepo v. Jamison*,

No. 25-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026); *Mirdjalilov v. Fed. Det. Ctr. Phila., et

al.*, No. 25-7068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026) (granting habeas petitions and

finding that Section 1226(a) covered the petitioners' detentions)[5]; *but see Buenrostro-Mendez v.

Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding that "[t]he everyday meaning of the statute's

terms confirms that being an 'applicant for admission' is not a condition independent from

"seeking admission" (citation omitted))[6]; *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026)

---

[5]     "[T]hese decisions do not bind the Department [of Justice] outside of its interactions with
the filing parties." *Martinez Amaya*, 2026 WL 1078278, at *2; *see also Tyagi v. Soto*, No. 26-
962, 2026 WL 1052894, at *2 (D.N.J. Apr. 20, 2026); *Diaz v. Bondi*, No. 26-46, 2026 WL
1213196, at *1 (D.N.J. May 4, 2026) (same).
[6]     *See also Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2,
2026) (holding that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety

(concluding that "[b]ecause the text [of Section 1225(b)(2)] is clear that an 'applicant for admission' is also an alien who is seeking admission, [courts] may not 'resort to legislative history to cloud a statutory text that is clear'") (citation omitted)). Also, a three-judge panel of the Seventh Circuit recently considered the government's position that noncitizens unlawfully living in the United States are subject to mandatory detention under § 1225(b)(2), but split on the merits of the government's position on a 1-1-1 basis. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 857 (7th Cir. May 5, 2026). Thus, based upon the BIA's holding in *Hurtado*, the Eighth Circuit's, Fifth Circuit's, and Seventh Circuit's opinions, and prior decisions in this District, Respondents' position was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

Thus, Moreno Ramirez is not entitled to attorney fees and expenses under the EAJA.

V.     **CONCLUSION**

For the foregoing reasons, the Court denies Moreno Ramirez's Motion for Attorney Fees under the EAJA.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

days but no longer without a bond hearing[,]" but affirming that Section 1225(b)(2)(A) applied to the detainees).